UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| MARILYN MOORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:18-cv-00410 |
| | ) | |
| WESTGATE RESORTS, LTD., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT SUBSTITUTING A PARTY**

Defendants Westgate Resorts, Ltd., Central Florida Investments, Inc., Westgate Resorts, Inc., Westgate Marketing, LLC, Westgate Vacation Villas, LLC, and CFI Resorts Management, Inc.[1] file this Response to Plaintiffs' Motion for Leave to File Third Amended Complaint Substituting a Party [Doc. No. 81] and respectfully show unto the Court as follows:

**I.
INTRODUCTION & BACKGROUND**

Named Plaintiffs initiated this action with two couples and two individuals who combined as six Plaintiffs and four sets of timeshare purchasers.[2] According to Plaintiffs, they all satisfy the commonality and typicality prerequisites to be class representatives, meaning they would also all share commonality and typicality with one another. However, as deposition testimony has demonstrated, that is not true. *See* Doc. No. 82. And, in lieu of having any claim supported by evidence—documentary, testimonial, or otherwise—Plaintiffs instead are digging a little deeper in their bag of tricks to find a way to make a colorable argument for class

---

[1] Central Florida Investments, Inc., Westgate Resorts, Inc. and Westgate Vacation Villas, LLC ("Non-Resort Defendants") file this response subject to their motion to dismiss for lack of subject matter jurisdiction.
[2] Cynthia Loveless was single, and her recent passing is the subject of this motion. Marilyn Moore is single, and although her adult sons were co-purchasers, they did not join in the action. The Spados and Gillilands are married couples. Gerold Gallegos and Deborah Campbell are boyfriend/girlfriend and were added later. Brian and Dannyelle Miller are a married couple and were added later.

certification. First, it was demanding every document and every byte of data Resort Defendants have for the past 11 years, as surely there must be something there, even if it was not pled and no Plaintiff had any relevant factual experience. Then, it was subpoenas to non-parties and unilateral deposition notices. Now, it is a new Plaintiff. Defendants are not diminishing Ms. Loveless' passing. But, Plaintiffs already have nine Plaintiffs representing five different sets of purchasers who are attempting to be class representatives. Do we really need a tenth?

The answer to that question is that Plaintiffs only want a tenth because the evidence has not developed the way that they had hoped. Plaintiffs have had the benefit of voluminous discovery, taken many depositions, and each been deposed. And what we are fighting about now are tangential matters not in the pleadings and with which no Plaintiff has had any experience or raised any complaint. To say that the evidence and the deposition testimony did not match the pleadings would be a gross understatement. Perhaps, given another try, Plaintiffs believe that Ms. Melfi will be able to tie together some common thread amongst this group of Plaintiffs and salvage their efforts to maintain a class.

But, this case has been pending since September 25, 2018. Doc. No. 1. Plaintiffs have already filed two amended complaints, Doc. No. 32 and 46, substantial discovery has been completed, and even the previously-extended scheduling order deadlines are quickly approaching, Doc. No. 71. Plaintiffs' claim that Ms. Melfi will be like the others and her would-be predecessor Ms. Loveless, if true, would highlight that there is no legitimate reason to add Ms. Melfi as a Plaintiff at this stage. There would be no good cause. If, on the other hand, Plaintiffs want to add Ms. Melfi because she brings something new to the table, then their request for leave should be denied as untimely, unduly prejudicial, futile, and without good cause. Either way, Plaintiffs motion for leave should be denied.

## II.
## MS. MELFI CANNOT SUBSTITUTE FOR MS. LOVELESS

At the outset, Plaintiffs' motion is procedurally improper. Ms. Loveless is a party to this action. Since she has passed, her estate could presumably step into her shoes. If neither Plaintiffs nor the estate are interested—which appears to be the case—the parties could stipulate to her dismissal, which Defendants would agree to do under Rule 41. FED. R. CIV. P. 41(a)(1)(A)(ii). However, Ms. Melfi would still need to be joined as a party plaintiff, which Defendants oppose.

## III.
## RULE 16 AMENDMENT

First, the deadline to amend pleadings was September 17, 2019. Doc No. 37 (Scheduling Order entered January 22, 2019). The Court later entered an Amended Scheduling Order, which states that the deadline to amend pleadings is December 16, 2019. Doc. No. 71 (Amended Scheduling Order entered October 4, 2019). However, as Plaintiffs note in their Motion, the Amended Scheduling Order was entered based on a Joint Motion to Amend the Scheduling Order, and even though Defendants expressly refused to agree to extend the deadline to amend pleadings, an extended pleadings deadline was inadvertently included in the Joint Motion filed by Plaintiffs, which was presumably relied upon by the Court. Doc. No. 81-2 at n.1. When the Joint Motion was being negotiated, Defendants opposed an extension of the deadline to amend pleadings because Defendants opposed any new parties or claims that would require additional discovery and potentially a new motion to dismiss and because adding parties or claims would be disruptive to motion practice, discovery, and the scheduling order. Because the extended deadline was entered based on a mistake in a motion, which was contrary to the parties'

agreement, the extended deadline should not apply, and the deadline to amend pleadings should be considered September 17, 2019.

Where a motion for leave to amend is filed after the deadline has passed, Rules 15(a) and 16(b) must be ready together. *Amos v. PPG Indus.*, No. 2:05-cv-70, 2015 WL 13757306, *4 (S.D. Ohio May 15, 2015) (citing *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003)). The Court should examine the standard factors governing amendments of complaints under Rule 15(a) only if it is satisfied that any prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Rule 16(b). *Id.*

> Adherence to reasonable deadlines is critical to maintaining integrity in court proceedings, and [] pretrial scheduling orders are the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that the party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Of course, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made. . . .

*Id.* (internal citations and quotations omitted). As noted above, Defendants are not insensitive to Ms. Loveless' passing, but there is no good cause to add a new Plaintiff at this stage. More specifically, there are already nine Plaintiffs, comprised of five sets of purchasers. If it were true that Ms. Melfi shares commonality and typicality with the others—which she does not, since even the other Plaintiffs do not—then there would be no benefit of having ten Plaintiffs instead of nine. If, however, Ms. Melfi will testify to some new set of facts, then Defendants would be even further prejudiced by the proposed amendment. And, Plaintiffs have been aware of Ms.

4

Loveless' passing since at least September 17, 2019, if not earlier, yet they did not seek to amend the complaint until a full 90 days later. Doc. 81-2. Plaintiffs' attempt to compare this to the 90 days they would have had to file a motion to substitute parties under Rule 25(a)(1) misses the mark. Under Rule 25(a)(1), a deceased party's estate or representative steps into the shoes of the deceased party, which would not require new factual allegations, a new motion to dismiss, new discovery, new depositions, and would not potentially introduce new facts into the case, etc. However, Plaintiffs are not proposing to substitute Ms. Loveless' estate or representative in her place, and their proposed new Plaintiff is materially different from a Rule 25 substitution. Here, waiting 90 days to seek to add a new Plaintiff as a proposed class representative, particularly when there are nine other Plaintiffs, and this tenth Plaintiff supposedly shares commonality and typicality with those other Plaintiffs, is not diligent, and Plaintiffs have not shown good cause.

In addition to Plaintiffs not acting diligently in their attempt to add an unnecessary new Plaintiff, Defendants would also be prejudiced. All Defendants have filed successive motions to dismiss in response to Plaintiffs' Original, First, and Second Amended Complaints, and would have to do so again. Resort Defendants produced voluminous documents relating to the original Plaintiffs and deposed each of them in various cities; and Resort Defendants would have to go through that process again for Ms. Melfi. If what Plaintiffs claimed were true—that Ms. Melfi shares commonality and typicality with the others—then there would be no benefit to having ten Plaintiffs instead of nine. If, however, Ms. Melfi will testify to some new set of facts, then Defendants would be even further prejudiced by the proposed amendment. For example, if she raises new issues in her testimony, Plaintiffs would seek broader discovery from Defendants, when significant effort has been expended in defining the scope of discovery, gathering and reviewing documents, and producing same. The parties have also already briefed their existing

discovery disputes. Although Plaintiffs suggest the propose amendment as insignificant, it would prejudice Defendants as set forth above. Ms. Melfi is either duplicative, or she is raising a new issue, and if she is raising a new issue, Plaintiffs should not get a fourth bite at the apple.

## IV.
## RULE 15 AMENDMENT

Even if Plaintiffs could establish good cause—which is denied—leave to amend must also be evaluated under Rule 15. Pursuant to Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave," although "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). For example, in class litigation, class representatives may be added if the original representative was inadequate and adequate representatives were known because, otherwise, class members would be adversely affected in the absence of an adequate representative—i.e., justice for the class members requires that leave be given to amend. *See, e.g., Barnes v. First American Title Ins. Co.*, 473 F.Supp.2d 798, 800 (N.D. Ohio 2007). Such a concept is consistent with Federal Rule 15, but no class has been certified in this case, and Ms. Melfi is not being proposed as a substitute for Ms. Loveless due to the inadequacy of Ms. Loveless or the other nine Plaintiffs.

Rule 15 also contemplates that circumstances exist where justice does not require that an amendment be permitted. As such, the Supreme Court has identified examples of circumstances in which justice does not that require that leave be given, including where there has been undue delay, bad faith or dilatory movie, repeated failure to cure deficiencies in prior amendments, undue prejudice, and futility. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Foman v. Davis*, 71 U.S. 178, 182 (1962)).

First, this case has been pending for over a year. Plaintiffs already amended early in the case to add three sets of purchasers as new Plaintiffs after those individuals responded to Plaintiffs' counsel publicizing of the lawsuit.[3] Later, one set of Plaintiffs were dropped from the case because they never even purchased a timeshare, something Plaintiffs apparently failed to investigate.[4] Now, supposedly in response to Ms. Loveless' passing, it took Plaintiffs 90 days to seek leave to add a new Plaintiff. During that time, the parties conducted substantial discovery, including all the Plaintiffs' depositions. It was not until after those depositions—and the reality that Plaintiffs cannot satisfy the commonality or typicality prerequisites—that Plaintiffs decided they needed a new Plaintiff. They should not be permitted to add a new Plaintiff, with yet another set of experiences, and for whom additional discovery will have to be completed, well over a year into the case. The request is untimely.

In addition to being untimely, Plaintiffs' proposed amendment will not change anything or cure their deficiencies. As noted above, either Ms. Melfi will supposedly tell the same story as the other Plaintiffs, which is impossible since they all told different stories, or she will tell some new story. Either way, that is not going to magically result in the other nine Plaintiffs' sharing commonality or typicality with the putative class. Having a tenth Plaintiff will not cure and cannot cure the deficiencies that have existed from the outset of this case when there were six Plaintiffs (Moore, the Spados, Loveless, and the Gillilands), or the decifiencies that persist today after two other amendments and now nine Plaintiffs (Moore, the Spados, the Gillilands, Gallegos/Campbell, the Millers). In the same vein, the proposed amendment is futile.

---

[3] Compare Doc. No. 1 with Doc. No. 32 (adding Gallegos/Campbell, Self/Smith, and the Millers). *See* Exhibit 1 (Gallegos) at 23:9 – 24:22.
[4] Compare Doc. No. 32 with Doc. No. 46 (removing Self/Smith because they were not timeshare owners).

As discussed above, Plaintiffs' proposed amendment is also prejudicial to Defendants because they will have to prepare yet another motion to dismiss—since the proposed amendment does nothing to address the fatal defects that have existed since Plaintiffs' original complaint—will have to gather and review all documents relating to Ms. Melfi, depose Ms. Melfi, revisit all the discovery Defendants have produced to address any new factual allegations raised by Ms. Malfi, etc. This is significant prejudice, and not because there are no other Plaintiffs, but because Plaintiffs now want a tenth Plaintiff instead of nine. The proposed amendment is unnecessary, unhelpful, and a waste of time and resources for all involved. The Court should deny Plaintiffs' motion for leave under Rule 16 due to a lack of good cause and under Rule 15 because justice does not require it.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to File Third Amended Complaint Substituting a Party should be denied.

DATED: December __, 2019

**GREENSPOON MARDER, LLP**

By: /s/ B. Eliot New
Richard W. Epstein (FL Bar #229091)
Jeffrey A. Backman (FL Bar #662501)
B. Eliot New (FL Bar #1008211)
*Admitted Pro Hac Vice*
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
(954) 491-1120
Richard.Epstein@gmlaw.com
Jeffrey.Backman@gmlaw.com
Eliot.New@gmlaw.com

**WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER PLLC**
Gregory C. Logue (BPR #012157)
Robert L. Vance (BPR #021733)
900 Riverview Tower, 900 S. Gay Street
Knoxville, TN 37902-1810
Telephone: (865) 215-1000
Facsimile: (865) 215-1001
glogue@wmbac.com
bvance@wmbac.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on December __, 2019, a copy of the foregoing filing was filed electronically such that notice of this filing will be sent by the Court's electronic filing system. Any party who does not receive this filing through the Court's electronic filing system will be served by U.S. Mail.

By: /s/ B. Eliot New
B. Eliot New, *Pro Hac Vice*